IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN GUZMAN,

    Petitioner,                                  No.  CIV S-11-1385 GGH P

    vs.

GARY SWARTHOUT,

                                             ORDER

    Respondent.

_____/

          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of this court. (Doc. No. 4).

          Petitioner challenges the July 28, 2010 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole, arguing that it was not supported by any evidence in the record before the Board and was "contrary to petitioner's perfect prison record of over 20 years." (Pet. at 3.)  Petitioner also asserts that, although he is suitable for deportation to his homeland of Mexico, CDCR and/or the Board have not afforded petitioner a deportation hearing.  He claims that officials' failure to either find him suitable for parole or arrange for a deportation hearing, in light of the fact that, as of July 2010, petitioner had served more than ten years beyond his minimum eligible release date and had a virtually unblemished prison record of 20 years, violates his constitutional right to due process of law. (Pet. at 5; id., Ex. A at 4.)  The

1

undersigned reviews these claims in turn.

Board Decision Not Supported by 'Some Evidence'

Petitioner claims that the Board's decision was not supported by "some evidence" as required by state law and in violation of his constitutional right to due process.

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id.  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

////

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court is not bound by Hayward.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.[3]

Here, even though the Board acknowledged that petitioner had "been disciplinary-free for [his] entire incarceration other than a few 128As, the last one being 1995" and commended petitioner for his low classification score, excellent work history, and other positive aspects of his record, this court under Swarthout cannot review the Board's application of the "some evidence" standard to petitioner's prison record or make an independent determination as

---

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

[3] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

1 to whether <u>any</u> evidence supported the Board's finding that petitioner was too dangerous to
2 release on parole. (Pet., Ex. A, Attached transcript of July 28, 2010 Board Hearing at 78-79.)
3 The record before the court indicates that petitioner had an opportunity to be heard at the Board's
4 July 2010 hearing and was provided a statement of reasons why parole was denied. Petitioner
5 does not allege, nor does the record suggest, that the Board failed to provide petitioner access to
6 his records in advance of the hearing. Because it appears that the minimal requirements under
7 <u>Swarthout</u> have been met here, the undersigned must dismiss this claim.

<u>Lack of Deportation Hearing</u>

Petitioner claims that, despite his suitability for release and eligibility for deportation, CDCR and/or the Board have not afforded petitioner a deportation hearing to return to Mexico. He asks this court to "invoke the 'Immigration and Nationality Act' for a fair deportation hearing." (Pet., Ex. A at 4.)

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S.Ct. 1827 (1973). Here, while petitioner suggests that deportation and parole are two alternative routes to release, it is the court's understanding that petitioner would not be subject to deportation proceedings unless and until the Board determined that he was suitable for parole. Thus, in seeking a deportation hearing, petitioner is not asking for anything that would shorten the length of his sentence, but only a subsequent step to a favorable decision by the Board.[4] The undersigned lacks habeas

---

[4] A statement recently posted on CDCR's website sums up the process as follows:

> CDCR is housing thousands of inmates for whom the U.S. [Federal Immigrations and Customs Enforcement ("ICE") has placed a hold,

1  jurisdiction over such a claim.

2    Moreover, petitioner may not use a habeas petition to challenge the INS's failure
3  to complete the deportation proceedings until he is in INS custody. There is federal jurisdiction
4  over a petition for a writ of habeas corpus only for persons "in custody" at the time the petition is
5  filed. See 28 U.S.C. § 2241(c); Caracas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556 (1968).
6  " '[T]he bare detainer letter [from the INS] alone does not sufficiently place an alien in INS
7  custody to make habeas corpus available.' " Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995)
8  (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir.1994)).  As petitioner is in custody pursuant
9  to his state court conviction and not pursuant to any action by the INS, his petition must be
10 dismissed for want of jurisdiction.  See Prasad v. INS, No. C 00-4744 SI(PR), 2001 WL
11 1256852, *2 (N.D.Cal. Oct. 17, 2001).

12   Recharacterizing the instant habeas petition as another kind of petition to
13 overcome the custody problem will not save it because efforts to use alternative methods to
14 compel deportation or removal have been rejected repeatedly.  For example, incarcerated aliens

---

> a first step toward deporting these inmates when they have completed their sentences. . . .
>
> At a minimum, CDCR has approximately 9,500 inmates eligible for deportation[.]
>
> The ICE process is straightforward.  An ICE hold is put on an inmate upon reception to CDCR when it is verified that he/she is not a naturalized citizen. . . . Upon completion of the inmates [sic] California sentence, ICE takes custody of the inmate and transports him/her to a deportation center.  If the inmate has been previously deported and/or been convicted of an aggravated felony and does not contest the proceeding and the inmate is from a country with a Prisoner Transfer Treaty he/she is deporting without a hearing. About 60-70 percent of the ICE cases meet these criteria.  If the inmate contests the deportation he/she is transferred to the deportation center until an administrative hearing is completed.

 CDCR, http://webcache.googleusercontent.com/search?q=cache:XBYLumZ1EGsJ: www.cdcr.ca.gov/News/oosPlacement.html+cdcr+housing+inmates+out+of+state&cd=2&hl=en &ct=clnk&gl=us&source=www.google.com (cached as it appeared June 21, 2011; last visited July 14, 2011.)

1  cannot compel the INS to hold immediate deportation hearings by way of a petition for writ of
2  mandamus, See Campos, 62 F.3d at 313-14, or under the Administrative Procedures Act, 5
3  U.S.C. §§ 701-706, see Silveyra Moschorak, 989 F.2d 1012, 1015 (9th Cir.1993) ("no claim
4  under the [APA] because 'immigration proceedings ... are not governed by the APA" '), or under
5  8 U.S.C. § 1252(I) (1994) itself, see Urbina-Mauricio v. INS, 989 F.2d 1085, 1088 (9th Cir.1993)
6  (no private right of action under § 1252(I)).  Petitioner has no legally cognizable right under the
7  constitution or laws of the United States to have a deportation hearing by the INS.  See Prasad,
8  supra, at *2.  Thus, the undersigned will dismiss this claim as well.

Certificate of Appealability

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability should not issue in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 23, 2011 motion to proceed in forma pauperis (Docket No. 2) is granted.
2. The petition for writ of habeas corpus is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.
3. A certificate of appealability should not issue in this action.

DATED: October 17, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE